PER CURIAM.
Appellant, the Agency for Workforce Innovation (AWI), appeals the circuit court’s grant of a writ of mandamus ordering AWI to provide appellee access to notices of hearing issued in unemployment compensation appeals pursuant to appellee’s public records request. AWI argues that the circuit court erred in ordering AWI to provide these notices because the notices contain information identifying claimants in unemployment compensation cases, and that such information is exempt from the public records law pursuant to sections 443.171(5) and 443.1715(1), Florida Statutes (2006). We agree that such information is exempt from the public records law, and reverse.
Sections 443.171(5) and 443.1715(1) provide that certain information obtained by AWI in the administration of the unemployment compensation law is confidential and exempt from the public records law. These statutes provide the following relevant language:
(5) RECORDS AND REPORTS.— Each employing unit shall keep true *112 and accurate work records, containing the information required by the Agency for Workforce Innovation or its tax collection service provider .... Information revealing the employing unit’s or individual’s identity obtained from the employing unit or from any individual through the administration of this chapter, is, except to the extent necessary for the proper presentation of a claim or upon written authorization of the claimant who has a workers’ compensation claim pending, confidential and exempt from s. 119.07(1). This confidential information is available only to public employees in the performance of their public duties. Any claimant, or the claimant’s legal representative, at a hearing before an appeals referee or the commission must be supplied with information from these records to the extent necessary for the proper presentation of her or his claim.
§ 443.171(5), Fla. Stat. (2006).
(1) RECORDS AND REPORTS. — Information revealing an employing unit’s or individual’s identity obtained from the employing unit or any individual under the administration of this chapter, and any determination revealing that information, except to the extent necessary for the proper presentation of a claim or upon written authorization of the claimant who has a workers’ compensation claim pending or is receiving compensation benefits, is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. This confidential information may be released only to public employees in the performance of their public duties. Except as otherwise provided by law, public employees receiving this confidential information must maintain the confidentiality of the information. Any claimant, or the claimant’s legal representative, at a hearing before an appeals referee or the commission is entitled to information from these records to the extent necessary for the proper presentation of her or his claim... .The Agency for Workforce Innovation or its tax collection service provider may, however, furnish to any employer copies of any report submitted by that employer upon the request of the employer and may furnish to any claimant copies of any report submitted by that claimant upon the request of the claimant.
§ 443.1715(1), Fla. Stat. (2006).
The notices of hearing requested by ap-pellee refer to hearings held in front of the appeals referee.[1] These notices contain information identifying the parties to unemployment compensation appeals. By a plain reading of the statutes, information revealing an employer’s or claimant’s identity is confidential and exempt from the public records.
The statutes provide exceptions to the confidentiality requirement under certain circumstances for claimants and their legal representatives, employers, and public employees in the performance of their public duties. The statute also provides for disclosure where the confidential information is necessary for the proper presentation of a claim. However, none of these exceptions allow disclosure of information revealing the identity of an employer or claimant to members of the general public. In this case, appellee is a law firm seeking the names of claimants as potential clients for business purposes. Appellee is not a *113 claimant, employer, or public employee, and is not a legal representative of any of the claimants to whom AWI sent the requested notices of hearing. Additionally, the notices of hearing in an unemployment compensation appeals proceeding are not substantive, and therefore, are not necessary for the proper presentation of a claim.
Therefore, appellee is not entitled to any information revealing the identity of an employer or a claimant contained within the notices of hearing issued by AWI as part of the unemployment compensation appeals process. We reverse the order of the circuit court requiring AWI to provide the requested notices of hearing without the opportunity to redact the confidential information contained in these notices.
REVERSED.
BARFIELD, BENTON, and POLSTON, JJ., concur.

. In unemployment compensation cases, AWI makes an initial determination whether a claimant is entitled to benefits and in what amount. If AWI denies the claim, the claimant has 20 days to appeal. A hearing is held in front of an appeals referee, and the referee can then affirm, modify, or reverse the determination. § 443.151, Fla. Stat. (2006).